UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:18-mj-00197-JAW |
| | ) | |
| MICHAEL D. BROWN | ) | |

**RECOMMENDED DECISION AFTER COMPETENCY HEARING**

On June 11, 2018, the parties filed a joint motion for psychiatric exam pursuant to 18 U.S.C. § 4241. (Joint Motion, ECF No. 13). The Court granted the motion and ordered an examination to assess whether Defendant suffered from a "mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Order* at 2 (ECF No. 14).

In accordance with the Court's Order, a psychological evaluation of Defendant was performed, and on November 2, 2018, the Court received a forensic report prepared by Dr. Chad Tillbrook. (Forensic Report, ECF No. 17.) In the report, Dr. Tillbrook concludes that "due to his psychiatric illness," Defendant "has substantial impairment in his ability to work with his attorney to formulate and execute a viable defense strategy, to monitor the courtroom proceedings and to comport his behavior to the Court's expectations." *Id*. at 13. Dr. Tillbrook also found that Defendant's "disorganized thinking and delusional beliefs produce significant deficits in his ability to make rational decisions pertinent to the adjudication of his case." *Id*.

On November 20, 2018, I held a competency hearing pursuant to 18 U.S.C. § 4247(d). The parties stipulated to the admission of Dr. Tillbrook's report, and offered no further evidence.

Based on the evidence presented at the hearing, I recommend:

1. The Court adopt the findings and conclusions set forth in Dr. Tillbrook's report, including that "due to his psychiatric illness," Defendant "has substantial impairment in his ability to work with his attorney to formulate and execute a viable defense strategy, to monitor the courtroom proceedings and to comport his behavior to the Court's expectations," and that Defendant's "disorganized thinking and delusional beliefs produce significant deficits in his ability to make rational decisions pertinent to the adjudication of his case."

2. The Court find, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him and that renders him unable to assist properly in his own defense.

3. The Court order, pursuant to 18 U.S.C. § 4241(d), Defendant be committed to the custody of the Attorney General of the United States, and that the Attorney General shall hospitalize the Defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

4. The Court order, pursuant to 18 U.S.C. § 4241(e), that if the director of the facility in which Defendant is hospitalized determines that Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the Clerk of the Court for the United States District Court for the District of Maine at 202 Harlow Street, Bangor, Maine 04401.

5. The Court order that a copy of the Court's Order be given to the United States Marshal; that the U.S. Marshal make arrangements as are necessary for the hospitalization of the Defendant as required by this Order; that if Defendant is hospitalized outside the District of Maine, upon Defendant's return to the District of Maine from the facility, the U.S. Marshal immediately notify this Court of that fact; and that the period of commitment from the date of the Court's Order be excluded in computing the time within which the trial of any such offense must commence, pursuant to 18 U.S.C. § 3161(h)(1)(A).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of November, 2018.